a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN ROCH JONES, Petitioner | CIVIL ACTION NO. 1:18-CV-619-P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM HOOPER, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Plaintiff Kevin Roch Jones (#351844) ("Jones"). Jones is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Jones challenges his conviction in the Ninth Judicial District Court, Rapides Parish.

Jones's petition should be denied and dismissed as barred by the statute of limitations.

I. Background

Jones was convicted of second degree murder of his infant son. State v. Jones, 95-1457 (La. App. 3 Cir. 5/8/96), 677 So.2d 493. On direct appeal, Jones challenged the sufficiency of the evidence and the admission of evidence of other crimes, wrongs, or acts. Id. The conviction was affirmed. Jones did not seek further review in the Louisiana Supreme Court, so his sentence became final upon the expiration of the time for seeking further review—June 8, 1996. 28 U.S.C. § 2244(d)(1).

According to Jones, he filed an application for post-conviction relief on April 20, 1999, which was denied. (Doc. 1-2, p. 4).

Jones filed a second post-conviction application on February 26, 2016, based on newly discovered evidence. (Doc. 1-3, pp. 2-9). The alleged new evidence was an affidavit of Jones's mother stating what her testimony would have been had she been called to testify at trial in 1995. (Doc. 1-3, p. 10). Specifically, the affidavit outlines a fight between Jones and the victim's mother the week prior to the murder, wherein the victim's mother "threw him at [Jones] and said 'feed him.'" (Doc. 1-3, p. 22). Jones claims his counsel was ineffective for failing to call Jones's mother as a witness at trial. The application was denied as untimely. (Doc. 1-3, p. 19).

The Third Circuit denied Jones's writ application, finding that the application was untimely filed and that Jones's claim of new evidence was meritless. (Doc. 1-3, p. 24). The Louisiana Supreme Court denied writs because the application was untimely filed, and Jones did not carry his burden to show that an exception applied. State ex rel. Jones v. State, 2016-1717 (La. 2/2/18), 234 So.3d 880.

II. Law and Analysis

    A. Jones's § 2254 petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review

2

or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Jones's conviction became final for AEDPA purposes on June 8, 1996. The one-year limitations period began to run on that date, and Jones had until June 8, 1997, within which to file a § 2254 petition.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)).

According to Jones, he filed an application for post-conviction relief on April 20, 1999, which was denied. (Doc. 1-2, p. 4). Because the limitations period under the AEDPA had already expired prior to the filing of the application, Jones received no benefit of statutory tolling.

Jones filed a second post-conviction application on February 26, 2016, based on newly discovered evidence. (Doc. 1-3, pp. 2-9). Therefore, it seems that Jones seeks to reckon the limitations period from "the date on which the factual predicate

of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Although the affidavit is dated November 19, 2015, the relevant date for tolling is the date that the factual predicate of the actual innocence claim supported by the affidavit could have been discovered. See Johnson v. Dretke, 442 F.3d 901, 908 (5th Cir. 2006). First, the Court notes that Jones does not actually assert that he is actually innocent or that the affidavit of the victim's mother proves his innocence. Regardless, the Court agrees with the Third Circuit's conclusion that the affidavit, which explains what occurred between the victim's mother and Jones the week before the victim's death, is not new evidence. (Doc. 1-3, p. 24). Even if it was new evidence, Jones was aware of the facts contained in the affidavit at the time of trial, as it outlines events that allegedly transpired the week before the victim's death. Jones knew of the factual predicate at the time of trial, not when the affidavit was signed in 2015. Therefore, Jones cannot establish that his petition is timely under § 2244.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jones's § 2254 petition be DENIED and DISMISSED with prejudice as time-barred.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge